```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RICHARD KREIBICH, et al.          :    CIVIL ACTION
                                  :    NO. 14-5102
          Plaintiffs,             :
                                  :
     v.                           :
                                  :
PLAYA DULCE VIDA, S.A., et al.,   :
                                  :
          Defendants.             :
```

**O R D E R**

**AND NOW**, this **22nd** day of **January, 2015**, it is hereby

**ORDERED** that Defendants' Second Motion to Dismiss[1] (ECF No. 11)

---

[1] A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks removed). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in

is **GRANTED** in part and **DENIED** in part as follows:

    (1) The motion to dismiss all claims against Defendant Playa Dulce Vida, S.A. ("PDV"), for lack of personal jurisdiction is **DENIED**.[2]

    (2) The motion to dismiss Count 1 (Alter Ego

---

the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

    A party may also move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009). A plaintiff therefore must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." Provident Nat. Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987). A court reviewing a 12(b)(2) motion must, however, "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

[2] Under the Motion to Dismiss standard, Plaintiff has alleged sufficient facts to show that this Court has specific jurisdiction over PDV. Defendant Callan – clearly acting as PDV's agent – negotiated the contract at issue from Pennsylvania. That process included emails and phone calls that he made from this state. These actions are enough to establish minimum contacts. See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 479-83 (3d Cir. 1993). The argument that this case is meaningfully distinct from others because the communications went out from the forum instead of coming into it is unpersuasive – especially considering that Callan participated in those communications from an address PDV has described as their own "branch office." ECF No. 10-1 at 12. Neither is the Court persuaded, given the facts described here, that litigating in Pennsylvania would be so great a burden on PDV that the Court's jurisdiction should not extend that far. To the contrary, it was PDV's own actions within Pennsylvania that establish personal jurisdiction here.

>     Liability/Piercing the Corporate Veil) is **DENIED**.[3]
>
> (3) The motion to dismiss Count 2 (Breach of Contract) is **DENIED**.[4]
>
> (4) The motion to dismiss Count 3 (Breach of Implied Covenant of Good Faith and Fair Dealing) is **GRANTED**.[5]

---

[3]   Taking Plaintiffs' factual allegations – helpfully collected on pages 31-32 of their Memorandum in Opposition to the Motion to Dismiss, ECF No. 15 - as true, and drawing reasonable inferences from them, Plaintiffs have alleged sufficient facts to support alter ego liability/piercing the corporate veil.

[4]   Plaintiffs have alleged a number of facts from which the inference can be drawn that PDV breached their contract by failing to produce regular audited financial statements and by using improper accounting methodologies in order to avoid paying out distributions to Plaintiffs and other shareholders. PDV argues in response that the contractual definition of "net income" clearly encompasses deductions for the categories Plaintiffs have listed as improper. This argument cannot survive the Motion to Dismiss standard, since it is not clear that the categories of deductions complained of by Plaintiffs are in fact contemplated by the contract. As to the statute of limitations, Plaintiffs have alleged enough to make out a plausible claim that the discovery rule applies here to prevent the action from beginning to accrue until May 2014. See City of Phila. v. One Reading Ctr. Assocs., 143 F. Supp. 2d 508, 526 (E.D. Pa. 2001).

[5]   Pennsylvania does not recognize an independent action for breach of the implied covenant of good faith and fair dealing separate from the breach of contract claim. See Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d. 394, 401 (E.D. Pa. 2002); LSI Title Agency, Inc. v. Evaluation Servs., Inc., 951 A.2d 384, 391-92 (Pa. Super. Ct. 2008) (finding a claim for breach of this implied covenant subsumed in a breach of contract claim because "the actions forming the basis of the breach of contract claim are essentially the same as the actions forming the basis of the bad faith claim," id. at 391 (quoting JHE, Inc. v. SEPTA, 2002 WL 1018941, at *6 (Pa. Com. Pl. May 17, 2002)). Here, Plaintiffs' claims involving the breach of the implied covenant of good faith and fair dealing duplicate their breach of contract claims. This Count is thus subsumed in Count 2, the general breach of contract claim, and must be dismissed.

(5) The motion to dismiss Count 4 (Fraud/Misrepresentation) is **GRANTED**.[6]

(6) The motion to dismiss Count 5 (Fraud/Misrepresentation) is **DENIED**.[7]

(7) The motion to dismiss Count 6 (Tortious Interference with Contract) is **DENIED**.[8]

---

[6] Here, Plaintiffs complain of Callan's representations that Plaintiffs would earn a "significant positive return" from distributions on their Hotel Unit, and that they have received no distributions thus far – and that this promise induced them to purchase a Unit. This claim is clearly barred by the gist of the action doctrine; Plaintiffs are claiming that the promise made to induce them to enter the contract was exactly the promise broken. See Blue Mountain Mushroom Co., 246 F. Supp. 394, 402 (E.D. Pa. 2002) ("Pennsylvania's '"gist of the action" doctrine bars plaintiffs from bringing a tort claim that merely replicated a claim for breach of an underlying contract.'" (quoting Werwinski v. Ford Motor Co., 286 F.3d 661, 680 & n.8 (3d Cir. 2002))).

[7] In this count, Plaintiffs say that Defendants defrauded them by representing to them "that the conversion of their preferred shares of PDV stock to common shares was necessary for the financial well-being of the Resort, would permit PDV to finally make distributions to Plaintiffs, and would increase the liquidity and value of the Unit." Compl. ¶ 202, ECF No. 9. These claims of inducement are distinct from Plaintiffs' breach of contract claims, especially insofar as they involve representations about something other than future distributions. Furthermore, no claims about this so-called "conversion scheme" appear in Plaintiffs' breach of contract claim – in this count, the underlying concern seems to be about fraud perpetrated, not about contractual promises broken. Therefore, this claim is not barred by the gist of the action doctrine.

[8] This claim is not the kind covered by the gist of the action doctrine, since it does not merely replicate Plaintiffs' breach of contract claims. And the Complaint clearly alleges that Callan, Hawk Opportunity Fund, Hawk Management, and HWC caused PDV to breach its contract with Plaintiffs. Accordingly, Plaintiffs have made out a facially plausible claim for tortious interference with contract.

(8) The motion to dismiss Count 7 (Fraud in the Inducement) is **GRANTED**.[9]

(9) The motion to dismiss Count 8 (Fraud in the Inducement) is **DENIED**.[10]

---

[9] The Court disagrees with Plaintiffs that there is a blanket exception in the gist of the action doctrine for claims of fraudulent inducement; Plaintiffs' proferred cases do not support that proposition. In Mill Run Associates v. Locke Property Co., Inc., 282 F. Supp. 2d 278, 290-91 (E.D. Pa. 2003), a motion to dismiss a fraudulent inducement claim was denied because the contract and tort claims were pleaded in the alternative and it was not yet clear whether the gist of the action sounded in contract or in tort – not because the plaintiff alleged fraudulent inducement. Ally Financial Inc., 2011 WL 3803719, at *5, involved facts where the plaintiffs were fraudulently induced to inject more capital into an already-existing agreement. In Air Products and Chemicals, Inc. v. Eaton Metal Products Co., 256 F. Supp. 2d 329, 342 (E.D. Pa. 2003), the defendant misrepresented its qualifications in order to induce the plaintiff to enter into a contract with it. And in Interworld Network International, Inc. v. VWR International, Inc., 2012 WL 78738, *4 (N.D. Cal. 2012), the gist of the action doctrine was inapplicable because the claims at issue were not related to promises regarding performance made in the contract, but the court – applying Pennsylvania law in relevant part - made it clear that "promises made to induce a party to enter into a contract that eventually become part of the contract itself cannot be the basis for a fraud-in-the-inducement claim under the gist of the action doctrine." Id. (quoting TruePosition, Inc. v. Sunon, Inc., 2006 U.S. Dist. LEXIS 32918, at *3 (E.D. Pa.) (internal quotation marks omitted).

Together, these cases do not create a general exception for fraudulent inducement. Rather, it is clear that the inducement must involve claims that do not replicate the breach of contract claims. Here, as Plaintiffs have conceded, the things represented to induce This is exactly the type of situation contemplated by the gist of the action doctrine. Therefore, this claim is barred.

[10] This count alleges that Defendants fraudulently induced Plaintiffs to convert their shares to common stock. For the reasons discussed above, it does not merely replicate Plaintiffs' breach of contract claims. Therefore, it is not barred by the gist of the action doctrine.

It is further **ORDERED** that this case shall be consolidated with 14-cv-3393, <u>Lieberman v. Corporacion Experienca Unica, S.A., et al.</u>, for pretrial and discovery purposes only.

     **AND IT IS SO ORDERED.**

<u>/s/ Eduardo C. Robreno</u>
**EDUARDO C. ROBRENO,   J.**
