E
X
H
I
B
I
T

"C"

# EXHIBIT "C"

{00467564;1}

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD and SUSAN KREIBICH, h/w | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| DAVID CALLAN, | : | Case No.   2:14-cv-5102-ER |
| HWC, LLC, | : | |
| HAWK MANAGEMENT L.P., | : | |
| HAWK OPPORTUNITY FUND, L.P | : | |
| and PLAYA DULCE VIDA, S.A. | : | |
| Defendants. | : | |
| DR. RICHARD LIEBERMAN | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | |
| DAVID CALLAN, | : | Case No.   2:14-cv-3393-ER |
| HWC, LLC, | : | |
| HAWK MANAGEMENT L.P., | : | |
| HAWK OPPORTUNITY FUND, L.P | : | |
| and PLAYA DULCE VIDA, S.A. | : | |
| Defendants. | : | |

## PLAINTIFFS RICHARD LIEBERMAN AND RICHARD AND SUSAN KREIBICH'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Richard Lieberman ("Lieberman") and Richard and Susan Kreibich (the "Kreibiches"), with Plaintiff Lieberman and the Plaintiffs Mr. and Mrs. Kreibich collectively referred to as "Plaintiffs" by and through their undersigned counsel, Silverang, Donohoe, Rosenzweig & Haltzman, LLC, hereby serve their Responses to the Defendants', David Callan ("Callan"), HWC, LLC ("HWC"), Hawk

Management, L.P. ("Hawk"), Hawk Opportunity Fund, L.P. ("HOF"), and Playa Dulce Vida, S.A. ("PDV") First Set of Interrogatories.

## GENERAL OBJECTIONS AND PRELIMINARY STATEMENT

Plaintiffs make their response to the Defendants' First Set of Interrogatories subject to the following general objections and preliminary statement:

1.       Plaintiffs object to the competency, relevancy, materiality and admissibility of the responses and objections as evidence for any purpose in any subsequent proceeding or in the trial of this case;

2.       Plaintiffs object to the use of any of these responses and objections, or the subject matter thereof, in any subsequent proceeding or in the trial of these actions to the extent such use would be disallowed under the Federal Rules of Evidence;

3.       Plaintiffs object on any ground, at any time, to a demand for further response(s) to these or other requests for admissions, interrogatories, or any other discovery procedures involving or relating to the subject matter of these interrogatories; and

4.       Plaintiffs reserve the right, at any time, to revise, correct, or supplement or clarify any of the responses as discovery continues, Plaintiffs investigation continues, and as evidence is adduced at trial.

## RESPONSES TO FIRST SET OF INTERROGATORIES

1.    Plaintiff Lieberman is not presently aware of the date that he first received the 2007-2008 PDV financial statement.  Investigation is ongoing.  Plaintiff Lieberman reserves the right to supplement this response.

2.    Upon information and belief, Plaintiff Lieberman first received the 2008-2009 financial statement on or about February 15, 2011.

3.    Upon information and belief, Plaintiff Lieberman first received the 2009-2010 PDV financial statement on or about February 15, 2011.

4.    Plaintiff Lieberman first received the 2010-2011 PDV financial statement on or about September 18, 2015.

5.    Plaintiff Lieberman first received the 2011-2012 PDV financial statement on or about September 18, 2015.

6.    Plaintiff Lieberman first received the 2012-2013 PDV financial statement on or about September 18, 2015.

7.    Plaintiff Lieberman first received the 2013-2014 PDV financial statement on or about September 18, 2015.

8.    Plaintiffs Mr. and Mrs. Kreibich are not presently aware of the date that they first received the 2007-2008 PDV financial statement.  Investigation is ongoing. Plaintiffs Mr. and Mrs. Kreibich reserve the right to supplement this response.

9.    Upon information and belief, Plaintiffs Mr. and Mrs. Kreibich first received the 2007-2008 PDV financial statement on or about February 15, 2011.

10. Upon information and belief, Plaintiffs Mr. and Mrs. Kreibich first received the 2008-2009 PDV financial statement on or about February 15, 2011.

11. Plaintiffs Mr. and Mrs. Kreibich first received the 2010-2011 PDV financial statement on or about September 18, 2015.

12. Plaintiffs Mr. and Mrs. Kreibich first received the 2011-2012 PDV financial statement on or about September 18, 2015.

13. Plaintiffs Mr. and Mrs. Kreibich first received the 2012-2013 PDV financial statement on or about September 18, 2015.

14. Plaintiffs Mr. and Mrs. Kreibich first received the 2013-2014 PDV financial statement on or about September 18, 2015.

15. Debt service is the payment of interest on borrowed money.

16. Depreciation expense is a non-cash accounting method of allocating the cost of a tangible asset over its useful life.

17. Capital Costs are the payment of money to acquire, construct or improve fixed, tangible assets including but not limited to land, buildings, construction and equipment.

18. Plaintiffs contend that the Rental Pool Distributions constitute express contractual obligations owed by Defendants to Plaintiffs and are not subject to unilateral modification.

19. Plaintiffs contend that PDV was not authorized to incur debt by any of the four documents which govern the Plaintiffs' interest in the preferred shares of PDV. At the time of each Plaintiff's investment in PDV shares, it was represented that there was no debt. By way of further response, Plaintiffs state that PDV was not authorized to deduct debt service payments from the calculation of net income for purposes of calculating the Rental Pool Distribution.

20.    Plaintiff Lieberman states that he did not attend any PDV shareholder meetings.

21.    Plaintiffs Mr. and Mrs. Kreibich state that they did not attend any PDV shareholder meetings.

22.    Plaintiff Lieberman states that to the best of his recollection he had no communications which are responsive to this interrogatory.

23.    Plaintiff Lieberman states that to the best of his recollection he had no communications which are responsive to this interrogatory.

24.    Plaintiff Lieberman states that to the best of his recollection he had no communications which are responsive to this interrogatory.

25.    Plaintiffs Mr. and Mrs. Kreibich state that to the best of their recollection they had no communications which are responsive to this interrogatory.

26.    Plaintiffs Mr. and Mrs. Kreibich state that to the best of their recollection they had no communications which are responsive to this interrogatory.

27.    Plaintiffs Mr. and Mrs. Kreibich state that to the best of their recollection they had no communications which are responsive to this interrogatory.

28.    Plaintiff Lieberman states that he and/or his authorized guests were denied reservations at the Hotel on the following dates: February 9 – 16, 2014; February 15-22, 2014;  and July 9-16, 2014.  Plaintiff Lieberman further states he has been denied all future usage rights to his Unit while litigation is pending.  By way of still further response, Plaintiff Lieberman states that the investigation is ongoing and he reserves the right to supplement this response as new information becomes available.

29.    Plaintiffs Mr. and Mrs. Kreibich did not allege in their Amended Complaint that they were denied reservation dates at the Hotel.

30.    Plaintiffs state that Callan formed HWC to serve as the general partner of Hawk Management, which is the general partner of HOF, which in turn owns a majority interest of PDV.  Through these corporate layers, Callan controls PDV through HWC and the other Defendants as a means of attempting to insulate

himself from liability for the unlawful conduct of PDV notwithstanding his orchestration thereof.

31.    Plaintiffs state that Callan formed HWC to serve as the general partner of Hawk Management, which is the general partner of HOF, which in turn owns a majority interest of PDV. Through these corporate layers, Callan controls PDV through Hawk Management and the other Defendants as a means of attempting to insulate himself from liability for the unlawful conduct of PDV notwithstanding his orchestration thereof.

32.    Plaintiffs state that Callan formed HWC to serve as the general partner of Hawk Management, which is the general partner of HOF, which in turn owns a majority interest of PDV. Through these corporate layers, Callan controls PDV through HOF and the other Defendants as a means of attempting to insulate himself from liability for the unlawful conduct of PDV notwithstanding his orchestration thereof.

33.    Plaintiffs state that Callan formed HWC to serve as the general partner of Hawk Management, which is the general partner of HOF, which in turn owns a majority interest of PDV. Through these corporate layers, Callan controls PDV and the other Defendants as a means of attempting to insulate himself from liability for the unlawful conduct of PDV notwithstanding his orchestration thereof.

34.    Plaintiffs object to this Interrogatory as premature. Investigation is ongoing. By way of further response, Defendants have failed to produce HWC's financial statements as promised. Plaintiffs reserve the right to supplement this response.

35.    Plaintiffs object to this Interrogatory as premature. Investigation is ongoing. By way of further response, Defendants have failed to produce HWC's minutes as promised. Plaintiffs reserve the right to supplement this response.

36.    Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, Callan and Williams are the sole limited partners of Hawk Management, which is controlled by HWC as general partner thereto. Investigation is ongoing. Plaintiffs reserve the right to supplement this response.

37.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, HWC acted in concert with and as alter ego to the other Defendants in an effort to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

38.     Plaintiffs object to this Interrogatory as premature. Investigation is ongoing. By way of further response, Defendants have failed to produce Hawk Management's financial statements as promised. Plaintiffs reserve the right to supplement this response.

39.     Plaintiffs object to this Interrogatory as premature. Investigation is ongoing. By way of further response, Defendants have failed to produce Hawk Management's minutes as promised. Plaintiffs reserve the right to supplement this response.

40.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, Callan and Williams are the sole limited partners of Hawk Management. Investigation is ongoing. Plaintiffs reserve the right to supplement this response.

41.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, Hawk Management acted in concert with and as alter ego to the other Defendants in an effort to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

42.     Plaintiffs object to this Interrogatory as premature. Investigation is ongoing. By way of further response, Defendants have failed to produce HOF's financial statements as promised. Plaintiffs reserve the right to supplement this response.

43.     Plaintiffs object to this Interrogatory as premature. Investigation is ongoing. By way of further response, Defendants have failed to produce HOF's minutes as promised. Plaintiffs reserve the right to supplement this response.

44.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. Investigation is ongoing. Plaintiffs reserve the right to supplement this Response.

45.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, HOF acted in concert with and as alter ego to the other Defendants in an effort to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

46.     PDV has admitted that it is undercapitalized. *See* the Preferred Shareholder Letter dated February 15, 2011.

47.     Plaintiffs object to this Interrogatory as premature. Investigation is ongoing. By way of further response, Defendants have very recently produced some of PDV's minutes, most of which are handwritten in Spanish. Plaintiffs reserve the right to supplement this response.

48.     Plaintiffs incorporate their response to Interrogatory No. 30 herein by reference.

49.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, PDV acted in concert with and as alter ego to the other Defendants in an effort to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

50.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, Callan used HWC and the other Defendants to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

51.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, Callan used Hawk Management and the other Defendants to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

52.     Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference. By way of further response, Callan used HOF and the other Defendants to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce

Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

53.    Plaintiffs incorporate their Response to Interrogatory No. 30 herein by reference.  By way of further response, Callan used PDV and the other Defendants to induce Plaintiffs to purchase preferred shares of PDV and to fraudulently induce Plaintiffs Mr. and Mrs. Kreibich to convert their preferred shares to common shares.

54.    Plaintiff Lieberman has been wrongfully deprived of his pro rata share of Rental Pool Distributions for the years 2007 through 2014, which amount is approximately $1,500,000.  By way of further response, Plaintiff Lieberman has been deprived of his contractual rights to use and enjoy his Unit and has been told by Defendants that his preferred shares will terminate in 2017.  By way of still further response, Plaintiff Lieberman claims the purchase price of his preferred shares as damages.  Plaintiff Lieberman reserves the right to supplement this Response.

55.    Plaintiff Lieberman states that Defendants willfully, maliciously, and outrageously concealed and disguised the correct net income calculations in order to deprive Plaintiff Lieberman of his pro rata share of the Rental pool Distributions, as well as unilaterally terminated Plaintiff Lieberman's right to use and enjoy his Unit at the Hotel.  Plaintiff Lieberman reserves the right to supplement this Response.

56.    Plaintiff Lieberman objects to this Interrogatory as moot because Count III of the Lieberman Complaint has been dismissed by Court Order.

57.    Plaintiff Lieberman objects to this Interrogatory as moot because Count III of the Lieberman Complaint has been dismissed by Court Order.

58.    Plaintiff Lieberman states that Defendants Callan, HWC, Hawk Management, and HOF willfully, maliciously, and outrageously interfered with his contractual rights to receive distributions from the rental pool, to use and enjoy his Hotel Unit, and his continuing right to receive income from his preferred PDV shares.

59.   Plaintiff Lieberman incorporates his Response to Interrogatory Number 54 herein by reference.

60.   Plaintiff Lieberman incorporates his Response to Interrogatory Number 54 herein by reference.

61.   Plaintiffs object to this request because paragraph 176 of the Lieberman Complaint does not allege that "Kreibich suffered damages in excess of $120,000 with respect to Count II of the Kreibich Complaint." Accordingly, no response to this Interrogatory is required.

62.   Plaintiffs Mr. and Mrs. Kreibich object to this Interrogatory on the grounds that it calls for a legal conclusion.

63.   Plaintiffs object to this request because paragraph 210 of the Lieberman Complaint does not allege that "Kreibich suffered damages in excess of $210,000 with respect to Count V of the Kreibich Complaint." Accordingly, no response to this Interrogatory is required.

64.   Plaintiffs object to this request because Count V was dismissed from the Kreibich Complaint by Court Order. The Interrogatory is moot.

65.   Plaintiffs object to this request because paragraph 216 of the Lieberman Complaint does not allege that "Kreibich suffered damages in excess of $275,000 with respect to Count VI of the Kreibich Complaint." Accordingly, no response to this Interrogatory is required.

66.   Plaintiffs Mr. and Mrs. Kreibich state that Defendants Callan, HWC, Hawk Management, and HOF willfully, maliciously, and outrageously interfered with his contractual rights to receive distributions from the rental pool, to use and enjoy his Hotel Unit, and his continuing right to receive income from his preferred PDV shares.

67.   Plaintiffs Mr. and Mrs. Kreibich are entitled to compensatory damages because the Defendants fraudulently induced them to convert their preferred shares into common stock. This conversion has deprived Mr. and Mrs. Kreibich of the right to receive distributions from the Rental Pool as a result.

Philip S. Rosenzweig, Esquire
Brian E. O'Neill, Esquire
595 East Lancaster Avenue
Suite 203
St. Davids, Pa 19087
(610) 263-0115
(610) 263-0122 (Fax)
prosenzweig@sanddlawyers.com

*Counsel for Plaintiff Dr. Richard Lieberman
and Plaintiffs Richard and Susan Kreibich*

## VERIFICATION

I, Richard Lieberman, being duly sworn, depose and say that I am the plaintiff in this action, that I have read the foregoing answers to interrogatories and know the contents thereof, and the same are true to my knowledge, information and belief.

Dated: 11/25/15

By: _Richard Lieberman_

Richard Lieberman

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD and SUSAN KREIBICH, h/w | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| DAVID CALLAN, | : | Case No.    2:14-cv-5102-ER |
| HWC, LLC, | : | |
| HAWK MANAGEMENT L.P., | : | |
| HAWK OPPORTUNITY FUND, L.P | : | |
| and PLAYA DULCE VIDA, S.A. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| DR. RICHARD LIEBERMAN | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | |
| DAVID CALLAN, | : | Case No.    2:14-cv-3393-ER |
| HWC, LLC, | : | |
| HAWK MANAGEMENT L.P., | : | |
| HAWK OPPORTUNITY FUND, L.P | : | |
| and PLAYA DULCE VIDA, S.A. | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Philip S. Rosenzweig, Esquire, hereby certify that this 25th day of November, 2015, I served a true and correct copy of Plaintiffs Richard Lieberman and Richard and Susan Kreibich's Responses to the Defendants', First Set of Joint Requests for the Production of Documents and First Set of Interrogatories, upon the following by both Electronic and First Class Mail:

Patrick J. Troy, Esquire
Sirlin, Lesser & Benson, P.C.
123 South Broad Street, Suite 2100
Philadelphia, PA  19109

{00607266:1}

Philip S. Rosenzweig, Esquire
595 East Lancaster Avenue
Suite 203
St. Davids, Pa 19087
(610) 263-0115
(610) 263-0122 (Fax)
prosenzweig@sanddlawyers.com

*Counsel for Plaintiffs Richard
Lieberman and Richard and Susan
Kreibich*

{00607266;1}

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD and SUSAN KREIBICK | CIVIL ACTION |
| Plaintiffs | Case No. 2:14-cv-5102-ER |
| vs. | |
| PLAYA DULCE VIDA, S.A. et al. | |
| Defendants. | |

| | |
|---|---|
| DR. RICHARD LIEBERMAN | CIVIL ACTION |
| Plaintiff | Case No. 2:14-cv-3393-ER |
| vs. | |
| PLAYA DULCE VIDA, S.A. et al. | |
| Defendants. | |

<u>DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS</u>

Pursuant to Federal Rule of Civil Procedure 33, defendants Playa Dulce Vida, S.A. ("PDV"), Hawk Opportunity Fund, L.P. ("HOF"), Hawk Management L.P. ("Hawk Management"), HWC, LLC ("HWC"), and David Callan ("Callan") (collectively, "Defendants") through its undersigned counsel, hereby propounds this First Set of Interrogatories to Richard Lieberman ("Lieberman") and to Richard and Susan Kreibich (collectively, "Kreibich" and Kreibich collectively, with Lieberman, "Plaintiffs"):

I.   **Definitions and Instructions**

1.   The "Actions" refers to the allegations of the complaints most recently filed by

1

Plaintiffs (i.e., or Amended Complaint or Second Amended Complaint) in the above-captioned actions, which have been consolidated for discovery purposes only.

2.      The "Kreibich Complaint" refers to the most recently filed complaint filed in the action filed in this Court, captioned, Richard and Susan Kreibich v. Callan, et al., No. 2:14-cv-05102-ER.

3.      The "Lieberman Complaint" refers to the most recently filed complaint filed in this Court, captioned Dr. Richard Lieberman v. Callan, et al., No. 2:14-cv-3393-ER.

4.      The "Complaints" refers to the Kreibich Complaint and the Lieberman Complaint, collectively.

5.      The term "Callan" shall mean Defendant David Callan.

6.      The term "HWC" shall mean Defendant HWC, LLC.

7.      The term "Hawk Management" shall mean Defendant Hawk Management, L.P.

8.      The term "HOF" shall mean defendant Hawk Opportunity Fund.

9.      The term "PDV" shall mean defendant Playa Dulce Vida, S.A.

10.     The term "PSA" shall mean the Reciprocal Promise of Purchase and Sale agreement attached as Exhibit M to the Kreibich Complaint.

11.     The term "RPA" shall mean Annex A – Rental Pool Agreement attached as Exhibit N to the Kreibich Complaint.

12.     The term "Regulations" shall mean Annex B – Regulations for Use of the Tourism Complex attached as Exhibit O to the Kreibich Complaint.

13.     The term "PSCFS" shall mean Annex C – Purchase/Sale Contract for Shares attached as Exhibit P to the Kreibich Complaint.

14.     The term "PDV Share Agreement" shall mean the PSA, RPA, Regulations, and

2

PSCFS, collectively.

15.     The "Memorandum" shall mean PDV's Private Placement Memorandum issued on October 1, 2014.

16.     The "Hotel" shall mean the Arenas del Mar Beachfront and Rainforest Resort, located in Manuel Antonio, Quepos, Puntarenas, Costa Rica.

17.     The "Preferred Shareholder Letter" shall mean the document attached as Exhibit I to the Kreibich Complaint.

18.     When referring to a person, "identify," "to identify" or "an identification" mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

19.     When referring to documents, "identify," "to identify" or "an identification" mean to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

20.     When referring to a tangible thing, "identify," "to identify" or "an identification" mean to give (a) its customary name or description and identifying number, if any, (b) the date the tangible thing was made, produced, and, if you did not make or produce the tangible thing, the date you acquired it, (c) the identity of each person or entity who made the tangible thing, (d) the identity of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof.

21.     The terms "state," "describe" or "description," when used with respect to any act, actions, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct,

happening, negotiation, relationship, scheme, communication, conversation, conference, discussion, meeting, development, service, transaction, instance, incident or event, mean provide the following information: its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof; and the identity (as defined above) of each person who performed any function or had any role in connection therewith (e.g., speaker, participant, contributor of information, witness, etc.) or who has any knowledge thereof, together with a description of each such persons function, role or knowledge.

22.    The term "reflect" means embody, contain, record, note, refer to, relate to, describe, be relevant to, state or mention.

23.    Whenever these interrogatories request you to "state the basis" for a particular contention or denial, you are requested to provide the following specific information as to each such allegation:  each and every fact upon which you based the contention or denial; identify each person with knowledge of the facts allegedly supporting the contention or denial and the scope of knowledge of each such person; and all Documents or Communications that you contend support the contention or denial.

24.    The phrases and terms "relating to," "concerning" or "referring to" include, but are not limited to, embodies, constitutes, comprises, consists, underlies, connected with, about, regarding, mentioning, discussing, describing, and/or has any logical or factual connection with the subject matter of the document category in which such terms or phrase is used.

25.    The terms "Document" or "Documents" shall be defined broadly and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or

recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Plaintiffs' actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), any electronic mail, recording, or writing, as these terms are defined in Federal Rule of Evidence 1001, and any form of electronic communication or data storage. Any Document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document for purposes of these requests.

26.   The terms "Communication" or "Communications" mean any document, correspondence, letter, memorandum, email (including attachments), meeting, telephone call, note, fax or other transfer or exchange of information, whether written, oral, electronic or by any other means.   The term "Communication" shall refer to all internal Plaintiffs documents as well as all Plaintiffs' transfer or exchange of information with other persons.

27.   These Interrogatories are of a continuing nature, and Plaintiffs is required to file and serve supplemental responses promptly if Plaintiffs obtains further or different information after the date of Plaintiffs' initial answer and before this case is completed.

28.   If Plaintiffs objects to any part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory.   If Plaintiffs objects to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objection and answer the interrogatory for the scope or time period that you believe is not objectionable.

29.   If an objection pertains only to a portion of an interrogatory, or to a word, phrase, or clause contained in the interrogatory, state your objection to that portion only and respond to

the remainder of the interrogatory, using your best efforts to do so.

30.    The information sought in these interrogatories is not limited to your personal knowledge but extends to any knowledge or information available to you or known to your attorneys and agents or to potential witnesses on your behalf.

31.    If any information or response requested by these interrogatories is withheld on the basis of privilege, immunity, or any similar claim, specify: (i) the date and manner of recording, creating, or otherwise preparing the document, communication, or thing; (ii) the identity of each sender of the document, communication, or thing; (iii) the identity of all persons who participated in the preparation of the document, communication, or thing; (iv) the identity of all persons to whom the contents, or any portion of the contents, of the document, communication, or thing have been communicated by copy, exhibition, reading, or summarization; and (v) a statement of the basis on which privilege is claimed with respect to each document, communication, or thing.

32.    If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please answer to the extent possible, specifying Plaintiffs' inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any way, set forth the details of such qualification.

33.    The following rules of construction apply to all Interrogatories:

a)  The singular form of any word includes the plural, and the plural form includes the singular;

b)  The past tense of any verb includes the present tense and the present tense includes the past tense;

c)  The term "person" refers to both the plural and the singular, of any natural person,

firm, corporation, association, group, organization or entity, unless otherwise specifically stated;

d) The terms "all" and "each" shall be construed as all and each; and

e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

34.      Unless otherwise specified, the relevant period of these interrogatories means January 1, 2004 to the present.

## II.      Interrogatories

1.      State the date that Lieberman first received the 2007-2008 PDV financial statement attached to the Lieberman Complaint as part of Exhibit P.

2.      State the date that Lieberman first received the 2008-2009 PDV financial statement attached to the Lieberman Complaint as part of Exhibit P.

3.      State the date that Lieberman first received the 2009-2010 PDV financial statement attached to the Lieberman Complaint as part of Exhibit P.

4.      State the date that Lieberman first received the 2010-2011 PDV financial statement.

5.      State the date that Lieberman first received the 2011-2012 PDV financial statement.

6.      State the date that Lieberman first received the 2012-2013 PDV financial statement.

7.      State the date that Lieberman first received the 2013-2014 PDV financial statement.

8.      State the date that Kreibich first received the 2007-2008 PDV financial statement attached to the Kreibich Complaint as part of Exhibit O.

7

9.      State the date that Kreibich first received the 2008-2009 PDV financial statement attached to the Kreibich Complaint as part of Exhibit O.

10.     State the date that Kreibich first received the 2009-2010 PDV financial statement attached to the Kreibich Complaint as part of Exhibit O.

11.     State the date that Kreibich first received the 2010-2011 PDV financial statement.

12.     State the date that Kreibich first received the 2011-2012 PDV financial statement.

13.     State the date that Kreibich first received the 2012-2013 PDV financial statement.

14.     State the date that Kreibich first received the 2013-2014 PDV financial statement.

15.     Describe what constitutes "debt service" as that term in used in the Complaints, such as Paragraph 118 of the Kreibich Complaint and Paragraph 97 of the Lieberman Complaint.

16.     Describe what constitutes "depreciation expense" as that term in used in the Complaints, such as Paragraph 118 of the Kreibich Complaint and Paragraph 97 of the Lieberman Complaint.

17.     Describe what constitutes "capital costs" as that term in used in the Complaints, such as Paragraph 118 of the Kreibich Complaint and Paragraph 97 of the Lieberman Complaint.

18.     In these Actions, do Plaintiffs contend that Rental Pool distributions should have been made to shareholders even if PDV would have defaulted on its loan obligations?  If so, state the basis of Plaintiffs' contention.

19.     In these Actions, do Plaintiffs contend that PDV improperly incurred any debt?  If so, state the basis of Plaintiffs' contention.

20.     Describe the PDV shareholder meetings attended by Lieberman, including the dates of the meetings Lieberman attended.

21.     Describe the PDV shareholder meetings attended by Kreibich, including the dates

of the meetings Kreibich attended.

22.     Describe all Communications that Lieberman had with PDV or other PDV shareholders when he did not receive a Rental Pool distribution following the 2007-2008 fiscal period.

23.     Describe all Communications that Lieberman had with PDV or other PDV shareholders when he did not receive a Rental Pool distribution following the 2008-2009 fiscal period.

24.     Describe all Communications that Lieberman had with PDV or other PDV shareholders when he did not receive a Rental Pool distribution following the 2009-2010 fiscal period.

25.     Describe all Communications that Kreibich had with PDV or other PDV shareholders when he did not receive a Rental Pool distribution following the 2007-2008 fiscal period.

26.     Describe all Communications that Kreibich had with PDV or other PDV shareholders when he did not receive a Rental Pool distribution following the 2008-2009 fiscal period.

27.     Describe all Communications that Kreibich had with PDV or other PDV shareholders when he did not receive a Rental Pool distribution following the 2009-2010 fiscal period.

28.     State every date that Lieberman contends that he was denied a reservation at the Hotel.

29.     State every date that Kreibich contends that he was denied a reservation at the Hotel.

9

30.     Describe how HWC is a legal fiction as alleged in Paragraph 19 of the Kreibich Complaint and Paragraph 21 of the Lieberman Complaint.

31.     Describe how Hawk Management is a legal fiction as alleged in Paragraph 19 of the Kreibich Complaint and Paragraph 21 of the Lieberman Complaint.

32.     Describe how HOF is a legal fiction as alleged in Paragraph 19 of the Kreibich Complaint and Paragraph 21 of the Lieberman Complaint.

33.     Describe how PDV is a legal fiction as alleged in Paragraphs 21 of the Complaints.

34.     Do Plaintiffs contend that HWC is undercapitalized?  If so, state the basis of Plaintiffs' contention.

35.     Do Plaintiffs contend that HWC fails to adhere to corporate formalities?  If so, state the basis of Plaintiffs' contention.

36.     Do Plaintiffs contend that there is substantial intermingling of HWC's and Callan's affairs?  If so, state the basis of Plaintiffs' contention.

37.     Do Plaintiffs contend that HWC uses the corporate form to perpetrate a fraud?  If so, state the basis of Plaintiffs' contention.

38.     Do Plaintiffs contend that Hawk Management is undercapitalized?  If so, state the basis of Plaintiffs' contention.

39.     Do Plaintiffs contend that Hawk Management fails to adhere to corporate formalities?  If so, state the basis of Plaintiffs' contention.

40.     Do Plaintiffs contend that there is substantial intermingling of Hawk Management's and Callan's affairs?  If so, state the basis of Plaintiffs' contention.

41.     Do Plaintiffs contend that Hawk Management uses the corporate form to

perpetrate a fraud? If so, state the basis of Plaintiffs' contention.

42.    Do Plaintiffs contend that HOF is undercapitalized?  If so, state the basis of Plaintiffs' contention.

43.    Do Plaintiffs contend that HOF fails to adhere to corporate formalities?  If so, state the basis of Plaintiffs' contention.

44.    Do Plaintiffs contend that there is substantial intermingling of HOF's and Callan's affairs? If so, state the basis of Plaintiffs' contention.

45.    Do Plaintiffs contend that HOF uses the corporate form to perpetrate a fraud? If so, state the basis of Plaintiffs' contention.

46.    Do Plaintiffs contend that PDV is undercapitalized?  If so, state the basis of Plaintiffs' contention.

47.    Do Plaintiffs contend that PDV fails to adhere to corporate formalities?  If so, state the basis of Plaintiffs' contention.

48.    Do Plaintiffs contend that there is substantial intermingling of PDV's and Callan's affairs? If so, state the basis of Plaintiffs' contention.

49.    Do Plaintiffs contend that PDV uses the corporate form to perpetrate a fraud? If so, state the basis of Plaintiffs' contention.

50.    Do Plaintiffs contend that Callan uses the corporate form of HWC to perpetrate a fraud? If so, state the basis of Plaintiffs' contention.

51.    Do Plaintiffs contend that Callan uses the corporate form of Hawk Management to perpetrate a fraud?  If so, state the basis of Plaintiffs' contention.

52.    Do Plaintiffs contend that Callan uses the corporate form of HOF to perpetrate a fraud? If so, state the basis of Plaintiffs' contention.

11

53.     Do Plaintiffs contend that Callan uses the corporate form of PDV to perpetrate a fraud? If so, state the basis of Plaintiffs' contention.

54.     State the basis of the contention in Paragraph 233 of the Lieberman Complaint that Lieberman suffered damages in excess of $450,000 with respect to Count II of the Lieberman Complaint.

55.     State the basis of the contention in Paragraph 234 of the Lieberman Complaint that Lieberman is entitled to punitive damages.

56.     Describe compensatory and punitive damages sought in relation to Count III of the Lieberman Complaint.

57.     State the basis of the contention in Paragraph 268 of the Lieberman Complaint that Lieberman suffered damages in excess of $450,000 with respect to Count VI of the Lieberman Complaint.

58.     Describe the punitive damages sought in relation to Count VI of the Lieberman Complaint.

59.     Describe the compensatory damages sought in relation to Count VIII of the Lieberman Complaint.

60.     Describe the compensatory damages sought in relation to Count IX of the Lieberman Complaint.

61.     State the basis for the contention in Paragraph 176 of the Lieberman Complaint that Kreibich suffered damages in excess of $120,000 with respect to Count II of the Kreibich Complaint.

62.     State the basis of the contention in Paragraph 177 of the Kreibich Complaint that Kreibich is entitled to punitive damages with respect to Count II of the Kreibich Complaint.

12

63.   State the basis of the allegation in Paragraph 210 of the Lieberman Complaint that Kreibich suffered damages in excess of $210,000 with respect to Count V of the Kreibich Complaint.

64.   State the basis of the contention in Paragraph 211 of the Kreibich Complaint relating to the allegation that Kreibich is entitled to punitive damages with respect to Count V of the Kreibich Complaint.

65.   State the basis for the contention in Paragraph 216 of the Lieberman Complaint that Kreibich suffered damages in excess of $275,000 with respect to Count VI of the Kreibich Complaint.

66.   State the basis for the contention in that Kreibich is entitled to punitive damages with respect to Count VI of the Kreibich Complaint.

67.   State the basis for the contention that Kreibich is entitled to compensatory damages with respect to Count VIII of the Kreibich Complaint.

SIRLIN, LESSER & BENSON, P.C.

Peter A. Lesser (PA Id. 59433)
Patrick J. Troy (PA Id. 89890)
123 South Broad Street, Suite 2100
Philadelphia, PA 19109
Phone: (215) 864-9700
*Attorneys for Defendants*

Dated:  September 29, 2015

13

## CERTIFICATE OF SERVICE

I, Patrick J. Troy, hereby certify that on September 29, 2015 I caused a true and correct copy of the foregoing Defendants' First Set of Interrogatories to Plaintiffs to be served on the following via email and first-class mail:

Philip S. Rosenzweig, Esquire
Brian O'Neill, Esquire
Silverang, Donohoe, Rosenzweig & Haltzman, LLC
595 East Lancaster Ave., Suite 203
St. Davids, PA 19087

*Counsel for Plaintiffs*

Patrick J. Troy (PA Id. 89890)

1